## RITTENHOUSE vs. MYERS.

An assignment of a receipt given for the collection of certain notes, does not transfer to the assignee the legal title to the receipt, nor to the notes.

## ERROR to Chariton Circuit Court.

DAVIS, *for Plaintiff, insists:*

1st. That the receipt of Myers was improperly rejected as evidence to the jury in support of the declaration.

2nd. Also, that the Circuit Court in assuming that the assignment on the back of the receipt was executed by Levi Rittenhouse, and the same delivered to Samuel Rittenhouse in pursuance of said assignment, took from the jury the province of deciding controverted facts—even if that question could have been a controverted point in the cause;—but,

3rd. If the receipt were assigned to Samuel Rittenhouse, he must prosecute a suit upon it in the name of Levi Rittenhouse, it not being assignable at law so as to vest the legal title in him.

CLARK, *for Defendant, insists* :

1st. The assignment endorsed on this receipt containing as it does a list of the notes by name and amount, is an assignment and transfer of the legal title to them within the meaning of our statute, and the decisions of this Court.   See 7 Mo. Rep. 120—270.   If we are right in this position, the receipt thus transferred showed the plaintiff had no right of action against the defendant, therefore it ought not to have been read.

· 2nd. Whether the receipt offered in evidence is assignable or not, under our statute, so as to pass the legal title to the assignee, it certainly passes an equitable title and gives the assignee the ⸍property in the notes described in it.   This, then, being an action of assumpsit brought upon the receipt, the endorsement showing the plaintiff had parted with his interest, is a clear admission that he had no claim on that undertaking against the defendant, the evidence contained in the receipt with the endorsement upon it was therefore irrelevant and ought not to have been received. The fact that it did not appear that the receipt after it was assigned was delivered to the assignee, cannot assist the plaintiff, it was his duty to rebut the presumption raised by the assignment.   1 Greenleaf's Ev. 173, and notes.

McBRIDE, J., *delivered the opinion of the Court.*

Rittenhouse brought his action of assumpsit in the Chariton Circuit Court against Myers.   The declaration cantained a special count for money had and received.   The defendant pleaded *non assumpsit,* and gave notice of a set off under the statute. ·

At the trial in the Court below, the plaintiff introduced a witness who testified that about the 1st of February, 1846, he went with the plaintiff to the house of the defendant, when the plaintiff demanded of the defendant certain bonds and notes, or the money collected on them, the same being described in a receipt given by defendant to plaintiff embracing several notes received for collection and dated 20th October, 1843.   On the back of this receipt was the following endorsement, bearing even date with its execution, to-wit :  " For value received I assign the within receipt to Samuel Rittenhouse, October 20th, 1843.  Levi Rittenhouse."

The witness also testified, that the defendant admitted the credits on the face of said receipt were correct—defendant also stated that one of the notes in said receipt mentioned, was in the hands of a lawyer in Huntsville for collection, and that he would bring the balance of the notes to Glasgow, where plaintiff resided, and deliver them to plaintiff, and settle with him on the next Sunday ; but defendant did not come— the defendant also stated that he had some tax receipts against the plaintiff, but they could settle as they had settled the land matter.

The execution of the receipt by the defendant was admitted by him, and the execution of the assignment admitted to be in the hand writing of the plaintiff; whereupon the plaintiff offered to read to the jury the said receipt, which was objected to by the defendant, and his objection sustained by the Court, to the opinion of the Court in excluding the receipt from the jury the plaintiff excepted, and took a non suit with leave, &c., subsequently the Court overruled the motion of plaintiff to set aside the non suit, and he has brought the case here by writ of error.

The question is, did the Circuit Court commit an error in excluding the receipt, offered in evidence, from the consideration of the jury?

The receipt executed by the defendant, containing as it does a list of the notes by the name of the payees, and amount due and owing by each, being assigned, it is contended amounts to an assignment of the notes, and transfers the legal title to said notes to Samuel Rittenhouse within the meaning of our statute, and if the legal title be vested in him by the said assignment, it showed that the plaintiff had no cause of action.

Our statute, concerning the assignment of bonds and notes, R. C. 1845, p. 190, §2, embraces only bonds and notes for the direct payment of money or property. The receipt in question is neither the one nor other, and consequently is not assignable so as to enable the assignee to maintain an action in his own name. But, is the endorsement on the receipt an assignment of the notes therein specified? We apprehend not. The assignment does not undertake to transfer the notes, but declares the object to be to transfer the receipt itself. If the notes were assigned so as to vest the legal title in the assignee, by the assignment of the receipt as the law formerly was, then actions brought on them would have to be brought in the name of the assignee. Suppose Samuel Rittenhouse held the receipt in question, and suits were commenced in his name as assignee of Levi Rittenhouse by the defendant, against the obligors in said notes, and they should demand of Samuel the evidence of his legal title—surely he could not establish that title by producing the assignment on the receipt.

As to any equities between Levi and Samuel Rittenhouse growing out of the simple act of writing an assignment on the receipt, we apprehend the defendant here has nothing to do.

The receipt should have been permitted to be given in evidence;— wherefore the judgment of the Circuit Court is reversed, and the cause remanded for further proceedings to be had in the Circuit Court.